THOMAS T. HILDEBRANDT, PLAINTIFF-RESPONDENT, v. NATIONAL SOLVENTS CORPORATION, DEFENDANT-APPELLANT.

Submitted February 3, 1948—Decided May 13, 1948.

For the appellant, *Simon J. Griffinger*.

For the respondent, *Bilder, Bilder & Kaufman* (*Sanford Freedman*, of counsel).

The opinion of the court was delivered by

COLIE, J. This is the appeal of National Solvents Corporation from a judgment against it after trial at the Union County Circuit of the Supreme Court.

Thomas T. Hildebrandt filed a complaint, by the first count of which he sought damages arising from the breach by the corporation of an alleged oral agreement to pay him $50 a week and disbursements "for services in connection with obtaining authority from the War Production Board (WPB) to purchase quantities of * * * essential chemicals for the production of methyl methacrylate, a plastic resin, in which field of manufacturing your company [the appellant] was prepared to enter on a large scale. In connection with said matters Mr. Hildebrandt [the respondent] represented the company before various governmental departments and bureaus and conferred with various governmental officials." The second count was based upon a written agreement whereby the respondent was "to act as the Washington representative of the Company and as such representative * * * to make every effort to obtain new business for the Company and handle any and all governmental problems within my sphere which may arise in connection with the business." The written agreement also settled the unpaid balance for services theretofore performed at the sum of $6,957.30 and fixed the manner of installment payments thereof. One of the installment payments was made, leaving a balance alleged to be due of $6,707.30 and the jury returned a verdict in that amount. The appellant's answer denied the making of either the oral or written agreements and set up, *inter alia,* as an affirmative defense that the agreements were illegal and against public policy because they contemplated obtaining contracts or awards from the government by influence and persuasion.

It is urged that the trial court erred in denying a motion to nonsuit. It was not error so to do. The record reveals no evidence from which it could reasonably be inferred that the services to be performed were of such a nature as to permit an inference that they might tend to influence improperly any agency of the government or that the services had an inherent tendency to invite or promote the use of sinister or corrupt means to accomplish the end sought. The absence of such evidence is the distinguishing feature between the instant case and *Stone* v. *Steinen,* 133 *N. J. L.* 593, upon which appellant relies. As to the alleged error in denying appellant's requests

to charge, suffice it to say that each request went to a proposition of law which, under the evidence, was not in the case and was properly refused.

The judgment is affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.